CITY OF PEKIN, Plaintiff in Error, *v.* JACOB SMELZEL, Defendant in Error.

ERROR TO TAZEWELL.

A city charter like that of the city of Pekin, which authorizes the passage of ordinances to restrain or prohibit the sale of intoxicating drinks, supposes that the usual means by penalty will be resorted to. The passage of an ordinance which declares that liquor shall not be sold, is not within the spirit of the charter.

An ordinance prohibiting the sale of beer is not repugnant to the general laws of the State; beer of some kinds being intoxicating drinks.

City of Pekin *v.* Smelzel.

Cities may exercise powers by ordinance, regulating the sale of intoxicating drinks beyond those authorized by the general laws of the State. Greater penalties may be allowed.

THIS cause was an appeal to the Circuit Court, from the police magistrate of the city of Pekin, on a complaint for selling beer in a less quantity than one gallon, without license.

Upon the trial of this cause, the plaintiff offered in evidence the following ordinance :

" AN ORDINANCE entitled an ordinance for licensing the vending, by retail, of spirituous or malt liquors:

" SECTION 1. *Be it ordained by the City Council of the City of Pekin,* That from and after the passage of this ordinance, the city council may grant licenses to any person or persons to retail vinous, spirituous and malt liquors, in said city, on the following conditions, to wit:

" The applicant or applicants shall set forth in writing the building, room or place intended to be occupied by him or them, and pay to the treasurer of the city of Pekin for the license granted, the sum of one hundred dollars, and shall execute a bond to the city of Pekin, with one or more securities to be approved by the city council, conditioned that the said applicant or applicants will keep an orderly house ; that he or they will not permit any unlawful gaming or riotous conduct therein ; that he or they will not keep open or permit his or their grocery to be kept open, or sell therein any spirituous, vinous or malt liquors, on a Sabbath day, or after eleven o'clock at night ; and that he or they will observe all laws or ordinances now in force, or that may hereafter be in force, regulating the sale of vinous, spirituous and malt liquors.

" SEC. 2. Licenses granted to keep groceries or sell beer shall not authorize the person or persons obtaining the license to vend or sell vinous spirituous or malt liquors in more than one place or house, and every license shall describe the house and place intended to be occupied ; and each license shall also contain a condition that any violation of this ordinance by the person or persons to whom the license is granted, shall cause an immediate forfeiture of all rights and privileges granted by said license, which shall, from and after the conviction of the party or parties for a violation of this ordinance, be absolutely void ; and all the parties therein named shall thereafter be alike liable as though no license had been ever granted.

" SEC. 3. Every person or company of persons not having a legal license to keep a grocery or sell beer, who shall barter, sell, exchange, or otherwise dispose of, for his or their gain or benefit, any vinous, spirituous, mixed or malt liquors, in less quantity than one gallon, within said city, to any person or per-

30

sons whatever, or shall permit the same to be done on his or their premises or elsewhere, for his or their gain or benefit, shall forfeit and pay to said city not less than ten and not exceeding twenty-five dollars for each offense, together with the costs of suit.

"SEC. 4. From and after the passage of this ordinance, no person or persons shall keep a common ill-governed and disorderly house, or permit unlawful gaming or riotous or disorderly conduct therein, or keep open his or their grocery or beer house, or permit the same to be kept open, or spirituous or malt liquors to be sold or given away, on the Sabbath day, or after eleven o'clock in the evening of any day of the week, or shall sell or give away any vinous or spirituous or malt liquors (in the absence of their parents or guardians,) to any person or persons under 18 years of age, or permit any such person or persons under the age of 18 years to loiter about or frequent his or their grocery or beer house; and any person or persons who shall violate any of the provisions of this ordinance, shall forfeit and pay said city the sum of not less than ten or more than twenty dollars and costs of suit.

"SEC. 5. All licenses granted under this ordinance shall be signed by the mayor, countersigned by the clerk, and have the seal of the city affixed thereto, and shall be for the term of one year only, and at a specified place, and not be assignable; and in all cases of application for license to keep grocery or sell beer by less quantity than one gallon, the city council may grant or reject the same in their discretion.

"SEC. 6. All forfeitures and penalties incurred under this ordinance, may be prosecuted for and recovered by action of debt, or otherwise, before the police magistrate of the city of Pekin, on information under oath as in other cases, provided the officers of the city shall in no case be required to file information except on their personal knowledge; and any person knowing of, or having good reason to believe there has been any violation of any ordinance of the city, by any person whomsoever, shall give immediate information to the police magistrate in due form.

"SEC. 7. That nothing in this ordinance shall be so construed as to prevent druggists from selling spirituous or vinous liquors, in good faith for medical purposes, in less quantity than one gallon.

"SEC. 8. All ordinances, and parts of ordinances coming in conflict with this ordinance, shall be, and the same are hereby repealed; and from and after the passage of this ordinance, it shall be unlawful to keep in store, sell, or give away any vinous, spirituous or malt liquors in greater quantities than one gallon,

for any purpose, by any persons, or at any place in the city of Pekin, belonging to or in the possession of the person so keeping or trafficing in said spirituous liquors. And provided, further, that nothing herein contained shall in any way affect any action, prosecution, suit or proceeding, by virtue of any ordinance in said city, against any person whatever."

And proved that same had been duly published in a newspaper published in said city, as required by the charter; and also proved that the same was signed by persons who were then mayor and clerk of said city; and that the seal thereto attached was the seal of said city; to the reading of which ordinance in evidence the defendant objected, for the reason that it was inconsistent with the laws of this State, and that the city council had no authority to pass the same; which objections were sustained by the court, and the ordinance excluded from the jury; to which the plaintiff at the time excepted.

The error assigned is, that the court erred in refusing to allow the ordinance to be read to the jury.

The city of Pekin is incorporated and acting under the acts of the legislature incorporating the cities of Quincy and Springfield. See Private Laws of 1851, page 12.

The 23rd section of the fifth article of the act incorporating the city of Quincy, is as follows:

" To tax, restrain, prohibit, and suppress tippling houses, dram shops, gaming houses, bawdy and other disorderly houses."

The 41st section of the same act is as follows:

" The city council shall have power to make all ordinances, which shall be necessary and proper, for carrying into execution the powers specified in this act, so that such ordinances be not repugnant to, or inconsistent with, the constitution of the United States or of this State."

The act of June 19th, 1852, (Laws of 1852, page 41,) gives the city of Pekin power to pass ordinances, not inconsistent with the laws of this State, to suppress and restrain the sale of intoxicating liquors. By the general act of 1849, the city may declare what shall be considered a nuisance.

JAMES ROBERTS, for Plaintiff in Error.

A. L. DAVISON, for Defendant in Error.

WALKER, J. It is objected that by the charter, the city had no power to prohibit the sale of beer. The amendatory act of the charter of the city, adopted 19th June, 1852, Session Laws, 41, provides, "That the city of Pekin shall have power and authority to enact and pass ordinances, not inconsistent with the

laws of this State, to suppress and restrain the sale of intoxicating liquors, tippling houses and dram shops." The charter of the city, as it was originally adopted, conferred the power to tax, restrain, prohibit and suppress tippling houses, and dram shops, by ordinance. The only limitation upon this power is found in the amendatory act, which requires that such ordinance shall not be inconsistent with the laws of the State. That some kinds of beer is intoxicating, is conceded, and was not controverted on the argument, and being such, the city, by the express authority given by the charter, may pass all needful and proper ordinances to prohibit or restrain its sale within the corporate limits. The power to suppress, regulate and restrain, necessarily embraces the authority to adopt the usual means, employed for such purpose. The merely adopting an ordinance which declares that liquor shall not be sold, without imposing any penalty for its non-observance, would not tend in the slightest degree to accomplish the end sought. The imposition of a fine for the breach of such ordinances, is the means usually authorized by the legislature, and none are more proper, and such was doubtless intended to be employed, when this power was conferred by the legislature. The latter clause of the 3rd section of the amendatory act of the city charter is this, " and all fines, forfeitures and penalties, that may be assessed and collected from any person or persons, within the city of Pekin, for the violation of any ordinances of the city of Pekin, passed or that may be hereafter passed, for the suppression of dram shops, or tippling houses, in the said city of Pekin, shall accrue to and be paid into the treasury of the said city of Pekin." This provision leaves it free from doubt that penalties by way of fine, was the mode intended to compel an observance of ordinances, restraining, prohibiting and regulating the sale of intoxicating liquors, dram shops and tippling houses, and that the city by ordinance might impose them.

It is urged that, as the sale of beer is not prohibited, or declared to be an offense by the general laws of the State, that any ordinance of the city, prohibiting its sale, is repugnant to or inconsistent with the general laws of the State, and is therefore unauthorized and void. If this be true, the city would have no power to adopt any ordinance prohibiting any act but those forbidden by the general laws, nor would they have the power to adopt any other language than that employed by the legislature, in defining an offense. The limitation upon the power to adopt ordinances on this subject, is that the city " shall have power and authority to enact and pass ordinances, not inconsistent with the laws of this State," and this language confers the power to adopt all proper and usual

means for the purpose, not prohibited by the general laws. Any ordinance adopted for the purpose, which provided means that were prohibited by the constitution and laws, would be void. The very object of granting this power to the city, was to enable it more effectually to regulate its police affairs, than could be done under the general laws; and it was intended to confer powers upon the city, to suppress disorders, that were not prohibited by general enactments. The sale of beer, is neither expressly licensed or prohibited by the legislature, and if it is a nuisance in populous cities or tends to produce disorderly conduct amongst those who frequent such places, the cities clearly have the power granted them to restrain and repress the evil, and in doing so, they do not, by imposing a fine for its sale, violate the laws of the State.

It was again urged that the city had no power to impose a fine of more than ten dollars for a breach of ordinance regulating the sale of intoxicating liquor, that being the penalty imposed for a violation of the general laws prohibiting the sale of spirituous liquor in a less quantity than a gallon. This position, we think, is not tenable. The power to impose the fine is given by the charter, and it is not in terms limited. In the case of *Goddard* v. *Jacksonville*, 15 Ill. R. 589, a fine of twenty dollars was imposed in each of two cases for a violation of an ordinance declaring the sale of liquor a nuisance, and the ordinance was held valid. This court again recognize the validity of the same ordinance in the case of *The Town of Jacksonville* v. *Holland et al.*, 19 Ill. R. 271. And following these decisions in the case of *Pendegrast* v. *The City of Peru*, 20 Ill. R. 51, a recovery under an ordinance which prohibited the sale of wine, brandy, rum, gin, whisky, beer, ale, porter or other vinous, spirituous, malt or fermented liquors, without a license, and imposing a fine of not less than twenty-five dollars nor exceeding one hundred dollars, was sustained. And it is for the reason that the legislature has conferred the power, and when such power is given and has not been taken away or afterward prohibited, it is not inconsistent with the laws of the State. If after the grant of such power, the city was prohibited from its exercise, or authority was conferred by act of the legislature to perform such an act, then the ordinance would be inconsistent with or repugnant to the general law. The amount of such penalties is limited by the State constitution, article 13, section 10, from exceeding one hundred dollars, in all cases when the proceeding is not by indictment.

The court below erred in not admitting the city ordinance,

and the judgment of that court must be reversed and the cause remanded.

*Judgment reversed.*

BREESE, J. I do not concur in holding that beer is an intoxicating liquor in the sense employed by the legislature.