TODD RICHARDSON, Plaintiff-Appellant, *v.* ANSCO, INC., Defendant-Appellee.

Third District    No. 79-30

Opinion filed August 31, 1979.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P. C., of Havana, for appellant.

Robert V. Dewey, Jr., of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Todd Richardson was seriously injured when the truck in which he was riding struck a bridge along a blacktop road in Fulton County, Illinois, while plaintiff and Jimmie L. Derry, Jr., the owner and driver of the truck, were returning home from work at the job site where both men were employed by Ansco, Inc. Plaintiff filed suit against Ansco, alleging that Derry consumed alcoholic liquor while at work on the day of the accident, that defendant knew or should have known Derry

consumed alcoholic liquor at work, that Derry's intoxication was the direct and proximate cause of plaintiff's injuries, that defendant knew or should have known all employees had to travel in motor vehicles to reach the job site, that defendant had a duty to plaintiff and all other employees not to allow its employees to become intoxicated at work, and that in violation of its duty, defendant allowed Derry to become intoxicated during his employment, which intoxication was the proximate cause of plaintiff's injuries. Defendant's motion to dismiss the complaint was granted, as was a subsequent motion to dismiss the amended complaint with prejudice. Plaintiff has perfected this appeal.

Plaintiff seeks judicial recognition of a common law negligence cause of action against an employer who allows an employee to become intoxicated at work with the knowledge that the employee would be driving home. Such a ruling would be a departure from the established law of Illinois concerning liability for damages resulting from intoxication. Noncommercial suppliers of liquor are not liable under the Dramshop Act (see Ill. Rev. Stat. 1977, ch. 43, par. 94 *et seq.*), and Illinois courts have consistently refused to enlarge the scope of the Act to impose statutory liability upon anyone not engaged in the liquor business. (*Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205; Annot., 8 A.L.R.3d 1412 (1966).) Furthermore, Illinois has never recognized a common law remedy against the supplier of liquor; the only remedy is that provided by the legislature in the Dramshop Act. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153.

Plaintiff argues that there is a "judicial trend" toward abolishing common law immunities from liability and that the immunity given to those who supply liquor noncommercially represents an undesirable social policy. It would unduly lengthen this opinion to discuss the numerous law review articles and decisions from other jurisdictions which plaintiff has cited.

It has been held that any extension of liability for damages arising from intoxication must come from the legislature, not the courts. (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657.) The only remedy presently available to an Illinois plaintiff seeking to recover damages for injuries resulting from intoxication is an action under the Dramshop Act. In a case similar to the one at bar, where the plaintiff was injured in an automobile accident which allegedly was the fault of an intoxicated employee who had been drinking at a company picnic on his employer's premises, the plaintiff was denied a cause of action against the employer because the employer was not engaged in the liquor business. (*Miller v. Owens-Illinois Glass Co.* (1964), 48 Ill. App. 2d 412, 199 N.E.2d 300.) The court said:

"In the opinion of this court, the Dram Shop Act was intended to regulate the business of selling, distributing, manufacturing and wholesaling alcoholic liquors for profit. In other words, it was to regulate those in the business, not the social drinker or the social drinking of a group." 48 Ill. App. 2d 412, 423.

According to the facts set forth in the amended complaint, plaintiff has no cause of action against defendant, either under the Dramshop Ant or at common law. We, therefore, affirm the judgment of the Circuit Court of Fulton County.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.