EDMOND GORA, Plaintiff-Appellant, *v.* 7-11 FOOD STORES *et al.*, Defendant-Appellees.

First District (3rd Division)   No. 81—144

Opinion filed September 8, 1982.

Richard J. Barr, Jr., of Chicago, for appellant.

Gorham, Metge, Bowman & Hourigan, of Chicago, for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court.

This appeal presents the question, is a dramshop keeper who sells liquor to a minor in violation of section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 131) liable to the minor for damages the minor suffers as a result of his intoxication caused by the liquor?

Edmond Gora, in his amended complaint, alleged that he was 17 years old when he bought alcoholic liquors from a convenience food store operated by defendants, 7-11 Food Stores and the Southland Corporation; that the liquors caused his intoxication; that he became unconscious in a bank of snow; and that he suffered frostbite and related injuries necessitating amputation of parts of his right hand, extensive skin grafts and related medical treatment.

On these facts Gora in count I seeks recovery under section 14 of article VI of the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135), against the named defendants and the unknown owners and lessors of the premises where the store is located. In count II he pleads common law negligence, alleging that the seller of the liquor, through its agents, knew or should have known that he was not of lawful age to buy liquor, and that the sale was negligently made and resulted in the damages suffered. The third count of the amended complaint pleaded the violation of local ordinances and section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 131) in selling liquor to him as *prima facie* evidence of negligence and as fixing his status as a member of a protected class, giving him a cause of action for injuries proximately caused by the violation. Defendants filed a motion to dismiss the amended complaint which the trial court granted. This appeal followed.

In his brief Gora conceded that he has no right of action under the Dramshop Act, which is restricted in its application to situations where third parties suffer damages as a result of the actions of an intoxicated person.

We then address the issue raised by count II, does the plaintiff have a common law action? He relies on article I, section 12, of the Illinois Constitution which provides: "Every person shall find a cer-

tain remedy in the law for all injuries and wrongs which he receives to his person, privacy, property or reputation." From this, plaintiff argues that where no statutory cause of action is provided to cover a particular wrong, the constitution mandates an examination of the common law to see if a remedy can be found there. This same contention was raised in *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153, where plaintiff claimed a common law right of action against a supplier of liquor. The court rejected his claim, observing: "No case has been cited by the plaintiff nor have we found one where, prior to the enactment of the original Dram Shop Act of 1872 *** recovery was sought from a supplier of alcoholic liquor for damages inflicted by an intoxicated person or resulting from the intoxication." (22 Ill. 2d 23, 25-26.) Similarly, we have found no Illinois case before or after *Cunningham*, and none has been cited, which holds that such a common law right of action exists, and we repeat the words of that opinion regarding the Dramshop Act:

> "The historical background of the Act seems to disclaim any notion that it was intended to compliment a common-law remedy against the tavern owners and operators. We would be delving in judicial metaphysics if we were to say that the legislature intended to provide a remedy in addition to a common-law remedy which existed but had not as yet been declared by the courts." 22 Ill. 2d 23, 28.

In addition to this historical basis for denying plaintiff's claim of a common law remedy, *Cunningham* also contains a legal argument which dictates the same conclusion and is equally applicable here to count III of the amended complaint. Generally, the basis for denying recovery against a seller of liquor by the buyer who becomes intoxicated and thereby suffers injury to his person or property is that the drinking of the liquor, not the selling, is the proximate cause of the intoxication. Plaintiff here argues that if there is such a rule, an exception exists where the buyer is a member of a class of persons whose purchase of liquor is statutorily forbidden because their ability to handle liquor sensibly is questionable. Plaintiff as a minor was a member of such a class. The plaintiff in *Cunningham* also argued that when the buyer is a member of a protected class and this is known or should have been known by the seller, then the sale and the consumption of the liquor are merged and the sale becomes the proximate cause of the intoxication. The Illinois Supreme Court rejected this argument:

> "The plaintiffs' argument has some merit, and if no more were involved than laying down a new rule of liability it would

warrant more serious consideration. But the lack of common-law precedent for such liability motivated our legislature, as well as the legislatures in 21 other States, to create such liability. [Citation.] The remedy we are asked to recognize would, except as to recoverable damages, be almost coincidental with the remedy provided in section 14. Section 19 of article II of the constitution does not require the courts to recognize a remedy when the legislature has already provided such remedy even though the statutory remedy be limited as to recoverable damages. [Citation.]

We hold that section 14 of article VI of the Liquor Control Act provides the only remedy against tavern operators and owners of tavern premises for injuries to person, property or means of support by an intoxicated person or in consequence of intoxication." (22 Ill. 2d 23, 30-31.)

We held recently in *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710, that the extension of liability for the sale or giving away of liquor beyond the historical limits of the Dramshop Act should be the function of the legislature, not the court.

We follow *Cunningham*, adhere to *Lowe* and answer in the negative the question posed by this appeal. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.