CHARLES COULTER *et al.*, Plaintiffs-Appellants, *v.* JOHN SWEARINGEN *et al.*, Defendants-Appellees (Ricky Louck *et al.*, Defendants).

Third District   No. 82—440

Opinion filed March 25, 1983.

Stuart Lefstein and Samuel S. McHard, both of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellants.

Burrel Barash and Ronald Henson, both of Barash, Stoerzbach & Henson, of Galesburg, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from a judgment dismissing certain counts of the plaintiffs' (the Coulters) complaint which sought to impose liability for common law negligence upon the defendants (the Swearingens) resulting from the permitting of the availability and consumption of intoxicating liquor by a minor while a guest in the home of the defendants

and who thereafter drove a motor vehicle into a vehicle operated by the plaintiff, Charles Coulter.

Specifically, Charles Coulter, in count XI of his complaint, alleged that John Swearingen, a minor, gave liquor to Ricky Louck, a minor, who while intoxicated operated his motor vehicle in such a manner as to cause it to collide with Charles Coulter's tractor, which caused injury. The plaintiff Geri Coulter, wife of Charles, in count XII sought damages for loss of consortium. Charles Coulter in count XIII alleged that the intoxicating liquors given by John Swearingen to Ricky Louck were negligently stored by Vernon and Phyllis Swearingen, parents of John, so that they were accessible. In count XIV Geri Coulter sought damages against Vernon and Phyllis Swearingen for loss of consortium.

The foregoing counts were the target of a motion to dismiss on the grounds that there is no common law negligence action against anyone who supplies intoxicating liquor to another and any cause of action for injuries resulting from a sale or gift of intoxicating liquors is limited to those who are liable under the Dramshop Act. The circuit court of Mercer County agreed with the defendants, thereby granting the motion, and judgment was entered dismissing the complaint as to the defendant Swearingen.

■■■ The issue presented in this appeal, reduced to its simplest form, is whether the trial court was correct in holding that John Swearingen, a minor who permitted another minor to drink intoxicating liquor in the Swearingen home, and Vernon and Phyllis Swearingen, parents who permitted accessibility to the liquor in their home, are guilty of common law negligence.

Counsel for plaintiffs presented a strong argument as to why by judicial interpretation this court should hold that section 14 of article VI of the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135) should not preempt the field of liability related to alcohol and that there should be a common law negligence cause of action against social hosts who gave alcoholic beverages to minor and because of the resulting intoxication by the minor, injuries or death occur. The plaintiffs in support of their argument make an analogy to the supplying of alcoholic liquor with the furnishing of firearms, morphine or glue to a minor and where recovery was permitted against the supplier for furnishing the latter items. The plaintiffs cite cases from foreign jurisdictions where defendants were held liable for providing alcoholic beverages to a minor who in a state of intoxication harmed third parties. The plaintiffs further attempt to equate the supplying of liquor to a minor which causes injuries to the attractive nuisance doctrine where a landlord can be held liable for injuries to a minor because of harm resulting from

defects or dangerous conditions upon his property. The plaintiffs further remind this court, as other courts have been reminded, that our State constitution provides that there shall be a legal remedy to every person for injuries and wrongs he receives to his person, property, privacy and reputation. See Ill. Const. 1970, art. I, sec. 12.

The issue presented in this appeal and the arguments presented by the plaintiffs are not new to the supreme court and appellate courts of this State. These courts have consistently held that a social host is not liable under common law negligence for injuries sustained by a third party. Our courts have adhered to this position and make no distinction as to whether the intoxicated individual is a corporate defendant, a strong and able-bodied man, or a minor. Our legislature enacted in 1872 what was called the Temperance Bill, the ancestor of our present Dramshop Act. Substantial changes were made in 1874, and throughout the years the Act has been amended a number of times, however, our courts have throughout its history consistently held that it confers the only civil remedies available for injuries and harm resulting from intoxication. Reliance upon section 12 of our constitution has been raised by other parties situated similarly to the plaintiffs in the instant case. Relief sought by such parties by relying upon section 12 has been unavailing in that it has been held "that section 12, like its predecessor section 19 of article II of the 1870 Illinois Constitution, is 'an expression of a philosophy and not a mandate that a "certain remedy" be provided in any specific form ***.' (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 277, 281 N.E.2d 659, 662.)" See *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 950, 381 N.E.2d 1367, 1374.

The landmark case of *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153, provides an in-depth informative history of the Dramshop Act and the remedies provided therein. In *Cunningham* a widow attempted to recover damages against tavern operators when her husband took his own life because of despondency resulting from intoxication. She predicated her suit on the theory of common law negligence. Our supreme court held that there was no common law remedy against the defendants for sale of liquor to intoxicated persons and that the only remedy provided was to be found in the Liquor Control Act (Dramshop Act) and that such remedy was exclusive. *Cunningham* concluded that there was never a common law action for negligence against the purveyors of intoxicating liquor and in enacting what we now call the Dramshop Act the legislature intended to provide a remedy where it believed none existed. The plaintiffs quarrel with *Cunningham's* conclusion by asserting that the court was misled by the lack of precedent for a common law remedy when the Temperance Bill

of 1872 was enacted. It is plaintiffs' theory that in 1872 the legislature could not have intended to abrogate a remedy it did not know about. If we accept the argument of the plaintiffs we must further accept the fact that in 1872 and prior thereto there was a nebulous, unused, and in fact, an unknown, unformulated common law remedy where recovery could be had from a supplier of alcoholic liquor for damages inflicted by an intoxicated person or resulting from the intoxication. The history of the temperance movement as set forth in *Cunningham* belies the fact that any remedy was available prior to the enacting of the Temperance Bill of 1872. No cases can be cited which show that a common law remedy was invoked. The plaintiffs in *Cunningham* conceded that the common law provided no remedy for the sale of alcoholic liquor to the ordinary man on the theory it was a direct wrong or on the theory that it was negligence, which provided a legal liability on the seller for damages resulting from intoxication. The enactment of the Temperance Bill of 1872 was the result of the fervor of the temperance reform movement conducted in our State combatting the evils of liquor, the dispensation of which had been unregulated for more than half of a century. The supreme court in *Cunningham* stated in referring to the 1872 enactment:

> "The historical background of the act seems to disclaim any notion that it was intended to complement a common-law remedy against the tavern owners and operators. We would be delving in judicial metaphysics if we were to say that the legislature intended to provide a remedy in addition to a common-law remedy which existed but had not as yet been declared by the courts." 22 Ill. 2d 23, 28, 174 N.E.2d 153, 156.

We have directed considerable attention to the case of *Cunningham* for the reason that it is a landmark case pertaining to the Dramshop Act and that it clearly establishes that it (the Act) has preempted the field of liability relating to alcohol.

In the instant case we are confronted with a complaint which sought damages from a minor who permitted another minor to consume intoxicating liquor which led to personal injuries. The complaint also seeks damages from social hosts, adults who were heads of the household where the liquor was obtained. Does the fact that one defendant is a minor and the others are social hosts present a situation which falls outside the scope of the Dramshop Act and as a consequence recovery would be permitted by an action predicated by common law negligence? Illinois decisions dictate that the answer to this question must be negative.

The question as to "social hosts" has been addressed on several

occasions by our reviewing courts and the decisions are contrary to plaintiffs' position and arguments advanced in support of it. (See *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710 (defendant served alcoholic liquor to guests in her home including a minor who became intoxicated and injured the plaintiff); *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046 (defendants were social hosts at a fish fry and social guest became intoxicated and injured plaintiff); *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205 (corporate defendants sponsored a "chicken fry" and invitee became intoxicated and struck a utility pole causing his death); Annot., 8 A.L.R.3d 1412 (1966).) This court was confronted with the question as to whether an employer was guilty of common law negligence when he permitted an employee to become intoxicated on a job site and because of such intoxication the plaintiff, a passenger of the intoxicated employee, was injured in a motor vehicle accident. This court affirmed the trial court's dismissal of plaintiff's action. See *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801.

Illinois decisions have also determined that the Dramshop Act is not preempted by alleging that a minor is the tort-feasor or the injured party. The courts have been rigid in denying recovery on the theory of common law negligence. *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112; and *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.

The plaintiffs argue that there is and should be a judicial trend toward abolishing common law immunities from liability and that the immunity given to those who supply liquor noncommercially represents an undesirable social policy. Plaintiffs ask this court to terminate that immunity. This is not the first request that this court has had on the subject. We have previously denied the request and again do so by again expressing our view that any extension for damages arising from intoxication must come from the legislature, not the courts. *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801.

For the reasons set forth the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.