RICKY RUTH, Plaintiff-Appellant, *v.* DARIO BENVENUTTI, Indiv. and d/b/a Rusty Rail, Defendant-Appellee.

Third District   No. 82—696

Opinion filed May 6, 1983.

Curt N. Rodin, of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago,

and John A. Grivetti, Jr., of Spring Valley, for appellant.

Bradley W. Hayes, of Dunn & Hayes, of Morris, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The plaintiff Ricky Ruth appeals from the dismissal of complaint, seeking compensatory damages for the defendant Dario Benvenutti's alleged wilful, wanton, and intentional misconduct in serving him alcoholic beverages. The trial court dismissed Ruth's complaint, finding it insufficient at law to state a cause of action. Plaintiff Ruth's action was premised upon a common law action for wilful and wanton misconduct, and not upon the Dramshop Act. (Ill. Rev. Stat. 1981, ch. 43, par. 94 *et seq.*) The question on appeal is whether in Illinois there is a common law cause of action for the wilful, wanton and intentional misconduct of a tavern owner who sells intoxicating liquors to a minor, knowing him to be a minor and to be particularly susceptible to the effects of alcohol.

The facts are taken from the complaint, which, for purposes of the motion to dismiss, are to be taken as true. Near the end of August 1981, Susan Wallace, mother of the plaintiff, went to the defendant's tavern, the Rusty Rail, and specifically requested that the defendant not serve any alcoholic liquors to her son, Ricky Ruth. Mrs. Wallace informed the defendant that her son was underage and that he had previously injured himself after being served drinks by the defendant. Several weeks later, on or about September 11, 1981, Ricky Ruth went to the Rusty Rail and the defendant served, sold or gave him alcoholic liquors. The complaint states that the defendant, at the time he served the plaintiff, knew him to be a minor, not of legal drinking age. It is also alleged that the defendant's actions in serving Ricky Ruth were in knowing disregard of his mother's request, and with the knowledge that Ricky was dangerous and unable to control himself when intoxicated. After being served at the Rusty Rail, an intoxicated Ricky Ruth severely injured himself in an auto accident when he lost control of his auto. His suit, premised upon a common law wilful and wanton misconduct theory, was later filed. The trial court dismissed the complaint, finding it insufficient to state a cause of action.

On appeal, the plaintiff urges that a cause of action premised upon the wilful and wanton misconduct of a tavern owner in serving liquor to a minor should be adopted in Illinois. This contention acknowledges that no such cause of action existed at common law (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 28-29, 174 N.E.2d 153), nor

has it been adopted by any Illinois court. In fact, it has been repeatedly held that the Dramshop Act's imposition of liability on tavern owners and tavern keepers is the exclusive remedy against such defendants for injuries to person, property or means of support by an intoxicated person or in consequence of intoxication. (22 Ill. 2d 23, 30-31; *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 76-77, 174 N.E.2d 157; *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 176 N.E.2d 473; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801; *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 598, 421 N.E.2d 1046.) In *Knierim,* relying upon *Cunningham,* the court found there was no common law action against a tavern keeper for supplying intoxicating liquor to a person the supplier knows has no volition with regard to consuming the intoxicant. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 77.) In *Shepherd v. Marsaglia* the plaintiff alleged in his complaint that the tavern owner negligently, wilfully, wantonly and intentionally served him alcoholic beverages at a time when he was a minor and intoxicated, when the owner knew or should have known of his minority and his intoxicated state. Thus, the question there, as here, was whether a common law cause of action, premised upon a tavern keeper's wilful and wanton misconduct, existed. The court concluded, based upon *Cunningham,* that no common law action of that kind was available to the plaintiff, and the dismissal of those counts of the complaint was affirmed. (*Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 382.) *Shepherd* is clear and controlling precedent for the trial court's dismissal of plaintiff's complaint in the instant case. In *Miller v. Moran* the court refused to create a common law cause of action against a social host who wilfully and wantonly served liquor to a guest, relying upon the exclusivity of the Dramshop Act, as set forth in *Cunningham.* (*Miller v. Moran* (1981), 96 Ill. App. 3d 596.) The plaintiff seeks to distinguish *Shepherd,* arguing that the facts herein are more egregious in that the tavern keeper is alleged to have affirmatively known of the plaintiff's minority and to have acted in disregard of his mother's prior warning and request. While the particular underlying facts of the wilful and wanton misconduct may well be more egregious here than in *Shepherd,* that does not change the legal conclusion of the court that there is no common law cause of action based upon wilful and wanton misconduct by a tavern owner, however egregious the underlying facts of the cause of action are. As has been established, the only remedy against tavern owners and keepers for the sale of intoxicating beverages is that provided by the legislature in the Dramshop Act. *Cunningham v. Brown* (1961), 22 Ill. 2d 23; *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379.

We are aware of judicial trends elsewhere expanding such common law actions. (See Annot., 98 A.L.R.3d 1230 (1980).) However, the law is established in Illinois, and changes of such nature should normally come either through legislative action (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801) or through action by the Illinois Supreme Court. As plaintiff's counsel concedes in his reply brief, the plaintiff is asking the court to create a limited and *sui generis* exception in this case from the general and established rule of law concerning Dramshop Act exclusivity in this field. Despite the temptation to do so, arising from the facts herein, we decline. We suggest that the instant case is an excellent vehicle for a reexamination of the law, in the face of a lack of legislative action, should the Illinois Supreme Court so decide. We suggest careful scrutiny of any leave to appeal petition from our action in affirming.

The decision of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.