JOSEPH ZAMIAR, Plaintiff-Appellant, v. EUGENE LINDERMAN *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1606

Opinion filed April 30, 1985.

Appel & Auwers, of Chicago (Warren H. Appel, of counsel), for appellant.

Fraterrigo, Best & Beranek, of Chicago (Scott D. Hammer, of counsel), for appellees.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Joseph Zamiar, filed a two-count complaint against defendants. In count I plaintiff alleged that plaintiff, while a minor and a guest in defendants' home, became intoxicated and incurred injuries when he tripped over a rug. Count I, seeking damages for defendants' "negligent maintenance" of their home, remains pending in the trial court. In count II, plaintiff alleges that defendants "wilfully and wantonly permitted and allowed the said plaintiff to consume alcoholic beverages" in their home, that plaintiff became intoxicated and that defendants then "wilfully and wantonly failed to properly supervise the plaintiff after allowing and assisting him in the consumption of alcoholic beverages" and that plaintiff thereafter tripped on a rug and was injured.

Defendants filed a motion to dismiss count II on the basis that it failed to state a cause of action under Illinois law. The trial court granted defendants' motion, dismissed count II with prejudice and made the order final and appealable pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). Plaintiff appeals.

In deciding a motion to dismiss, the factual allegations of the

complaint are taken as true; the court considers only the question(s) of law presented by the pleadings. *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710.

The question of law raised here is whether a noncommercial, or "social host," supplier of liquor to a minor who becomes intoxicated and injures himself, can be held liable for failing to "supervise" the intoxicated minor.

Plaintiff concedes that he has not alleged a cause of action under the Liquor Control Act of 1934 (Act) (Ill. Rev. Stat. 1983, ch. 43, par. 94 *et seq.*); rather, he requests this court to recognize a common law action against social hosts who "wilfully and wantonly" "assist, permit and allow" minor guests to become intoxicated and who then "fail to supervise" the minor who subsequently injures himself.

Defendants respond that the long and unwavering law in Illinois is: (1) that the right to recover damages for the act of supplying liquor is purely statutory under the Act; and (2) Illinois courts have, for more than 100 years, refused to recognize any common law action based on the noncommercial supplying of liquor. We affirm.

The original Liquor Control Act, the "Temperance Bill" of 1872 (1871-72 Ill. Laws 552-56), precursor of the present act, imposed liability upon dramshops for supplying intoxicating liquors to persons who became intoxicated and then injured third parties. In 1889 the Illinois Supreme Court held that no cause of action existed under the Act against persons who were not engaged in the sale of or traffic in liquor. (*Cruse v. Aden* (1889), 127 Ill. 231, 20 N.E. 73.) The law in this State remains that "[n]oncommercial suppliers of liquor are not liable under the Dramshop Act [citation], and Illinois courts have consistently refused to enlarge the scope of the Act to impose statutory liability upon anyone not engaged in the liquor business." (*Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801.) "The uncompensated social host is clearly not subject to liability under the act." *Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 800, 455 N.E.2d 842.

Plaintiff, however, requests this court to recognize a common law cause of action against defendants under the facts of this case, contending that our failure to do so would in effect cause this court to "indirectly give its blessing to unthinking adults who serve intoxicating liquor to minors in total disregard of their safety and after serving them do not even lift a hand to assist them while they are obviously incapacitated." While we do not wish to be so understood, we must nonetheless decline plaintiff's invitation to conjure a common law cause of action.

It has been repeatedly held that Illinois does not recognize a

common law cause of action against suppliers of liquor, whether they be commercial suppliers (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153) or noncommercial suppliers (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 455 N.E.2d 842). Rather, "the only remedy [against suppliers of liquor] is that provided by the legislature in the Dramshop Act. [Citation.]" *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801.

Requests to the Illinois courts to fashion a common law action against social host suppliers of liquor have been repeatedly rejected:

"The issue presented in this appeal and the arguments presented by plaintiffs are not new to the supreme court and appellate courts of this State. These courts have consistently held that a social host is not liable under common law negligence for injuries sustained by a third party. Our courts have adhered to this position and make no distinction as to whether the intoxicated individual is a corporate defendant, a strong and able-bodied man, or a minor." *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 652, 447 N.E.2d 561. See also *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710.

Reasons advanced for the policy of nonliability for social hosts include that it is the act of drinking, not the supplying of the liquor, which is the proximate cause of intoxication (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153) and that liability for social hosts would be unlimited, whereas liability for each occurrence under the Act for commercial suppliers of liquor is limited to $35,000 (Ill. Rev. Stat. 1983, ch. 43, par. 135). *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046.

■ Nor do we find plaintiff's efforts to distinguish the various relevant and controlling cases to be persuasive. He argues that because article I, section 12, of the Illinois Constitution of 1970 provides, in part, that "[e]very person shall find a certain remedy in the laws for all injuries which he receives," a cause of action should be here recognized. First, it has been recognized that this provision is an expression of a philosophy, and not a mandate that a certain remedy be provided. (*Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367.) Second, this constitutional provision, like its predecessor in the 1870 Illinois Constitution, has been found insufficient basis upon which to fashion a common law cause of action against liquor suppliers for the reason that such action is a legislative and not a judicial prerogative. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279; *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046.

■ Plaintiff attempts to distinguish the myriad of cases which hold that social hosts are not liable under the common law for providing liquor to guests by contending that this court should enunciate a common law duty of such hosts to "supervise" intoxicated guests. This we cannot do. As was held in *Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 802, 455 N.E.2d 842, plaintiff has alleged no "special relationship" between plaintiff and defendants which would "have required" defendants to "take affirmative action to restrain" plaintiff's drinking. While plaintiff here does allege that defendants should be considered to have been "in loco parentis" to plaintiff at the time of the occurrence, the Act specifically provides:

"the consumption by a person under 21 years of age under the direct supervision and approval of the parents or parent or those persons standing in loco parentis or such person under 21 years of age in the privacy of a home, is not prohibited by this Act." (Ill. Rev. Stat. 1983, ch. 43, par. 134a.)

Since the Act is "the only remedy" against suppliers of liquor in Illinois, and the legislature has specifically exempted parents from the liability plaintiff here argues, plaintiff's theory must be rejected. See *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801.

Plaintiff cites to cases from other jurisdictions which recognized liability for social hosts who provide alcohol to persons who become intoxicated and injure themselves or others. However, we agree with the suggestion found in some Illinois decisions that the determination to expand Illinois liability to include social hosts who supply liquor requires an analysis of many competing social policy considerations, and that such responsibility is more appropriate for the legislature. (*Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046; *Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.) We feel it not inappropriate to observe that the increasing loss of life and property we have experienced in recent years due to intoxicated drivers and other persons suggests that this may well be an opportune time for our General Assembly to reexamine the liabilities and immunities embodied in the Liquor Control Act of 1934.

For the aforestated reasons, the trial court's order dismissing count II of the amended complaint for failure to state a cause of action is affirmed.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.