WILLIAM I. DESMOND, Special Adm'r of the Estate of William J. Desmond, Deceased, *et al.*, Plaintiffs-Appellants, v. SUSAN E. STEARNS, Special Adm'r to Collect of the Estate of Mark S. Theinpont, Deceased, *et al.*, Defendants (Sunset Ridge Country Club *et al.*, Defendant-Appellee).

First District (5th Division)    No. 84—1663

Opinion filed June 28, 1985.

480

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and Robert J. Bingle, of counsel), for appellants.

Leroy A. Garr & Associates, Ltd., of Chicago (John F. Bruesch, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) brought by plaintiffs William I. Desmond, special administrator of the estate of William J. Desmond, and Timothy C. Desmond from the dismissal of counts IX, X, and XI of their third

amended complaint. Those counts were directed against defendant-appellee Sunset Ridge Country Club. The sole issue presented by this appeal is whether one injured as the result of an employer's negligence in failing to properly supervise a minor employee's access to alcohol supplied by that employer may bring any action other than one pursuant to the Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 94 *et seq.*) for those injuries.

We find that the common law bar to actions against suppliers of alcohol pertains and that the trial court properly dismissed counts IX, X and XI, none of which were based on the Liquor Control Act of 1934.

The pertinent factual allegations of the complaint follow. On July 16, 1982, defendant Sunset operated a golf and country club in Northbrook. Defendant employed Mark S. Theinpont, a 19-year-old, as a caddie. On that day Sunset hosted a golf tournament and set up hospitality tents with fully stocked bars of alcoholic beverages and beer kegs. At 2:30 p.m. the tournament was suspended because of rain and shortly thereafter play was terminated for the day. All the club members retired to the clubhouse, but Theinpont and several other youths remained in the hospitality tents, drinking alcoholic beverages until about 4:15 p.m. A club bartender then ejected them. By this time Theinpont, who had not been restricted by any club employee in his access to the alcohol, was intoxicated.

Theinpont drove away from the club and picked up William J. Desmond and Timothy C. Desmond. At about 5:38 p.m. he collided with another vehicle, causing the deaths of himself and William J. Desmond and severely injuring Timothy C. Desmond.

Count IX of plaintiffs' third amended complaint is a wrongful death count on behalf of William I. Desmond, special administrator of the estate of William J. Desmond. Counts X and XI are on behalf of Timothy C. Desmond and are based, respectively, on defendant Sunset's alleged negligence and wilful and wanton conduct. On defendant's motion all three counts were dismissed by the trial court. Plaintiffs contend that the trial court erred in accepting defendant's contention that plaintiffs' remedy, if any, could only be based on the Liquor Control Act of 1934. We note that several remaining counts of plaintiffs' complaint are based on that act, and are not before us on review.

■ It is well-established in Illinois that no common law action exists against suppliers of liquor for injuries suffered as the result of intoxication caused by the liquor. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 28, 174 N.E.2d 153, 156; *Richardson v. Ansco, Inc.* (1979), 75

Ill. App. 3d 731, 732, 394 N.E.2d 801, 802; *Gora v. 7—11 Food Stores* (1982), 109 Ill. App. 3d 109, 111, 440 N.E.2d 279, 281; *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 889.) The only authority contrary to these holdings is *Colligan v. Cousar* (1963), 38 Ill. App. 2d 392, 414, 187 N.E.2d 292, 302, cited by plaintiffs on appeal, but that holding has been overruled *sub silentio* in *Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 8-9, 248 N.E.2d 657, 661. (*Wienke v. Champaign County Grain Association* (1983), 113 Ill. App. 3d 1005, 1009, 447 N.E.2d 1388, 1391.) The sole remedy for such injuries rests with statutory actions based on the Liquor Control Act of 1934. Ill. Rev. Stat. 1983, ch. 43, par. 94, *et seq.; Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30-31, 174 N.E.2d 153, 157; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801.

■ Plaintiffs contend that special circumstances in this case merit the creation of a limited exception to this rule. These circumstances are that defendant Sunset, an employer, failed to supervise its employee, thus allowing him access to alcohol, and that the employee was a minor. However, Illinois courts have already refused to carve out an exception based on either of these factors, holding that common law actions may not be brought against employers who supply alcohol to employees (*Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801) or against those who supply alcohol to minors or allow them access to it (*Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 447 N.E.2d 561; *Gora v. 7—11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279; *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 176 N.E.2d 473).

■ Plaintiffs also contend that the fact that alcohol is involved should not bar the imposition of generally accepted negligence standards, citing authority from a number of States abolishing the common law immunity given to suppliers of alcohol. We need not examine those cases here for the courts of this State have repeatedly held that it is for our legislature to determine whether the limited statutory exception to this immunity provided by the Liquor Control Act of 1934 should be expanded. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30, 174 N.E.2d 153, 157; *Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 7, 248 N.E.2d 657, 660-61; *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 654, 447 N.E.2d 561, 564; *Gora v. 7—11 Food Stores* (1982), 109 Ill. App. 3d 109, 112, 440 N.E.2d 279, 281-82; *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 890.

■ In *Coulter* the court was also presented with the argument made by plaintiff here, that defendants should be found liable for the

foreseeable consequences of negligently allowing a minor access to a dangerous substance which only incidentally happens to be alcohol. The *Coulter* court rejected this argument, finding that the involvement of alcohol was a crucial distinction because Illinois courts have consistently held that the Liquor Control Act of 1934 confers the only civil remedies available for injuries resulting from intoxication. (*Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 652, 447 N.E.2d 561, 563.) We adhere to the holding of *Coulter* and find that plaintiffs have failed to state a cause of action in the counts at issue.

The judgment of the trial court is affirmed and the cause is remanded to the trial court for further proceedings.

Affirmed and remanded.

MEJDA, P.J., and SULLIVAN, J., concur.