ESTATE OF JEFFREY RITCHIE, by and through his Ex'r and Adm'r, Frank Ritchie, Petitioner and Plaintiff-Appellant, v. GARY FARRELL *et al.*, Respondents and Defendants-Appellees.

Third District Nos. 3—90—0389, 3—90—0404 cons.

Opinion filed May 13, 1991.

William P. Danna, of Peter F. Ferracuti & Associates, of Ottawa (Mark A. Schindler, of counsel), for appellant.

Mark J. Vogg, Craig A. Tomassi, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

Jeffrey Ritchie, by and through the executor of his estate, brought suit against the defendant, Daniel Huntington, claiming Huntington breached a duty to render him aid and assistance while he was a passenger in Huntington's auto. In addition, Ritchie brought

suit against several other parties, none of whom are before us on appeal.

In response, the defendant filed a motion to dismiss for failure to state a cause of action. The complaint was dismissed and judgment rendered on the pleadings in favor of Huntington pursuant to section 2—615 of the Civil Practice Act (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The trial court ruled the plaintiff failed to state a cause of action under applicable Illinois law. The plaintiff/appellant appeals the order of dismissal.

Plaintiff's complaint alleged the following facts.

On January 14, 1989, Jeffrey Ritchie, along with three other minors, were passengers in an 1978 four-door station wagon driven by Huntington. An adult, Gary Farrell, purchased two 12 packs of beer, a bottle of Jack Daniels Bourbon Whiskey, and two bottles of Nitrane Wine for the minors. These young men then consumed the alcoholic beverages while driving about the City of Ottawa, Illinois. Jeffrey Ritchie consumed a large quantity of Jack Daniels Bourbon Whiskey and became unconscious. The defendant and the other youths continued their jaunt about the city, stopping for a period of time to eat at a local McDonald's. During the time the youths ate, Ritchie remained unconscious in the back of the defendant's station wagon. Some two hours after Jeffrey Ritchie lost consciousness, he died of acute alcohol intoxication.

The issue presented on appeal is whether the defendant owed the plaintiff a duty to assess the gravity of the plaintiff's physical condition and to render him proper aid and assistance.

■ Illinois has never imposed liability upon social hosts whose guests become intoxicated and injure themselves or others. (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 801, 455 N.E.2d 842.) In *Heldt*, the defendants allowed their teenage son to have a party where intoxicating liquor was served. After consuming a large quantity of liquor, one of the teenage partygoers, Gil Domer, left the party and drove his auto over the plaintiff. As a result, the plaintiff sustained serious head injuries which ultimately caused his death. The plaintiff, executor of decedent's estate, brought suit against the defendants claiming they had a duty to control and supervise the alcohol consumption of their teenage guests so as to minimize the risk of personal injury to others, including the decedent. The trial court dismissed the suit, ruling the plaintiff failed to state a cause of action.

In affirming the trial court's ruling, the court noted that Illinois has never recognized a common law cause of action for either selling or giving intoxicating liquor to another. The reason Illinois courts

have adhered to this policy of nonliability for social hosts is that the proximate cause of the intoxication is the act of drinking, not the supplying of alcohol. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153.) The sole remedy available to a plaintiff seeking damages resulting from intoxication is provided by the Dramshop Act (Ill. Rev. Stat. 1987, ch. 43, par. 135), under which the uncompensated social host is clearly not liable. *Richardson v. Ansco* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801; *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205.

The plaintiff, however, asserts his action is not based on the supplying of alcohol to the plaintiff, but the defendant's failure to properly assess the gravity of the plaintiff's physical condition and render him proper aid and assistance. Absent some special relationship between the parties, however, no such duty exists. (*Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 478 N.E.2d 534.) In *Zamiar*, the minor plaintiff became intoxicated and injured himself while a guest in the defendant's home. The trial judge dismissed the suit for failure to state a cause of action. The plaintiff appealed, urging the court to recognize a common law cause of action for failing to "supervise" and "assist" the "obviously intoxicated" minor while the minor was a guest in the defendant's home. Citing the long and unwavering rule in Illinois that social hosts are not responsible for the conduct or supervision of their intoxicated guests, absent some special relationship between the parties, the court affirmed the dismissal.

■ In the case at bar, the plaintiff has failed to allege a special relationship existed between Jeffrey Ritchie and Dan Huntington which would have required Huntington to take affirmative action to restrain Ritchie's drinking or come to his aid. The fact the plaintiff was located in the defendant's auto instead of his home as in *Zamiar* is of little consequence. The plaintiff was free to drink as little or as much as he chose. Tragically, the plaintiff chose to drink an inordinate amount of alcohol. Having placed himself in peril, he cannot now claim the defendant had a duty to come to his rescue. *Darby v. Checker Co.* (1972), 6 Ill. App. 3d 188, 285 N.E.2d 217.

The plaintiff has invited this court to expand the current state of Illinois law. A similar request was made of the Wisconsin Supreme Court in *Olsen v. Copeland* (1979), 90 Wis. 2d 483, 280 N.W.2d 178. In *Olsen*, the court was asked to create a common law cause of action for alcohol-related injuries in the absence of a dramshop act. The court declined to create a new cause of action and noted:

> "A change in the law which has the power to so deeply affect
> social and business relationships should only be made after a

thorough analysis of all the relevant considerations. \*\*\* The type of analysis required is best conducted by the legislature using all of the methods it has available to it to invite public participation." 90 Wis. 2d at 491, 280 N.W.2d at 181.

Much like the court in *Olsen*, we too decline the plaintiff's invitation to expand the present state of the law. We agree with the plaintiff that the increasing loss of life and property due to intoxicated persons may well warrant a reexamination of the liabilities and immunities embodied in our laws. However, the determination to expand Illinois liability to include social hosts who supply liquor to their guests requires an analysis of competing interests and factors more appropriate for the legislature. *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 910; *Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910.

■ In determining the propriety of a dismissal of an action, a reviewing court is concerned only with questions of law presented in the pleadings. (*Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 424 N.E.2d 1253.) In Illinois the question of duty, the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 539.) The reason the law allows pleadings to be attacked by motions is to give the complainant an opportunity to respond to the objection and cure any defect in the pleadings prior to trial. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

■ Because the common law rule of nonliability for social hosts remains intact, it would be impossible for the plaintiff to cure his pleadings prior to trial. This being the case, the ruling of the trial court was not in error. The judgment of the circuit court of La Salle County is hereby affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.