DALE E. HABEN, Special Adm'r of the Estate of Nicholas E. Haben, Deceased, Plaintiff-Appellant, v. MARC R. ANDERSON *et al.*, Defendants-Appellees.

Third District    No. 3—91—0707

Opinion filed June 26, 1992.—Rehearing denied September 3, 1992.

Strodel, Kingery & Durree, Associated, of Peoria (Robert C. Strodel, of counsel), for appellant.

Marc R. Anderson, of Chicago, appellee *pro se*.

Kent R. Schnack, of Schnack, Schnack & Cashman, of Quincy, for appellee John W. Bilenko.

David B. Mueller, of Cassidy & Mueller, of Peoria, for appellee James A. Boyer.

James L. Hafele and Cathy A. Stephens, both of Hafele, Thiemann & Carter, of Peoria, for appellee David J. Carey.

Robert D. Jackson and Steven L. Pierson, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee Brian D. Donchez.

Robert H. Jennetten and Jeanne H. Wysocki, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee Raymond A. Drew.

Cornelius Thomas Ducey, Jr., of Ducey, Feder & Ducey, Ltd., of Belleville, for appellee Steve C. Kadlec.

John C. Mulgrew, Jr., and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Anthony F. Kolovitz.

James Patrick Murphy, of Flack, McRaven & Stephens, of Macomb, for appellee Chris McCracken.

Robert C. Stoerzbach, of Barash, Stoerzbach & Henson, of Galesburg, for appellee Scott A. Rokita.

Gary J. Bazydlo and Joshua G. Vincent, both of Hinshaw & Culbertson, of Chicago, and David E. Jones, of Hinshaw & Culbertson, of Peoria, for appellee Rian P. Sanders.

Jonathan H. Barnard, of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee Mark T. Molzer.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Dale E. Haben, brought this wrongful death action as special administrator of the estate of Nicholas E. Haben against the defendants, the members of the Lacrosse Club (the Club) at Western Illinois University. Nicholas Haben died on October 19, 1990, from acute alcohol intoxication. The plaintiff alleged that each of the defendants had been involved in "hazing" the decedent, pressuring him to drink, and causing his intoxication. Additionally, the plaintiff alleged that defendant Anthony F. Kolovitz negligently breached a voluntarily assumed duty to care for the decedent. The trial court granted the defendants' motions to dismiss. The plaintiff appeals.

The plaintiff's complaint alleged that the decedent, Nicholas E. Haben, was an 18-year-old freshman at Western Illinois University in the fall of 1990. On October 18, 1990, Haben was a "rookie" in the Lacrosse Club, a recognized and sanctioned student activity at the university. The 12 defendants were all active members of the Club. Club membership was "a valued status." On October 18, 1990, between 3 p.m. and 10:30 p.m., the defendants participated in the "initiation" of new recruits of the Club known as "rookies," which included Haben.

It was alleged that during the initiation ceremony, the defendants caused or participated in causing various types and quantities of in-

toxicating beverages to be given and ingested by the rookie initiates of the Club. The rookies, including Haben, were required to engage in various strenuous physical activities and submit to acts intended to ridicule and degrade them, including smearing their bodies, faces, and hair with various food and other materials. These activities allegedly violated the Hazing Act (Ill. Rev. Stat., 1990 Supp., ch. 144, par. 220.9 *et seq.*) and university regulations. It was alleged that the hazing and drinking activities had been conducted by the Club members for a number of years and had become a "tradition of, and a *de facto* requirement for, membership in the Club," and that the pressure to consume dangerous quantities of alcohol created a hazardous condition threatening the initiate's physical welfare.

The plaintiff's complaint further alleged that, in violation of section 6—16(a) of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1989, ch. 43, par. 131), the defendants caused and pressured Haben to consume excessive amounts of intoxicating liquor, and after knowing he was intoxicated, pressured and encouraged Haben to drink additional quantities of liquor.

The complaint also alleged that Haben became highly intoxicated and lost consciousness. He was carried to defendant Kolovitz's dorm room, where, in Kolovitz's presence, he was laid on the floor and then left alone. Kolovitz returned to the room on more than one occasion to check on Haben and heard him "gurgling." Haben was discovered dead about 9 a.m., on October 19, 1990. He died from acute ethanol intoxication, possessing a blood-ethanol level in excess of .34.

The defendants filed motions to dismiss the plaintiff's complaint for failure to state a cause of action. The trial court granted the defendants' motions and dismissed the complaint, finding that a common law duty was not properly pleaded because the facts alleged did not fit the narrow exception announced in *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193. The trial court found that *Quinn* made it incumbent upon the plaintiff to plead that Haben was required to drink to intoxication to be initiated into the Club. The trial court also found that the plaintiff failed to allege facts establishing that defendant Kolovitz had voluntarily assumed a duty.

On appeal, the plaintiff first argues that the trial court erred in dismissing his complaint. He contends that he pleaded a proper cause of action under *Quinn.*

In reviewing the propriety of a dismissal for failure to state a cause of action, we must determine whether the complaint, when viewed in the light most favorable to the plaintiff, alleges facts suffi-

cient to establish a cause of action upon which relief may be granted. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365.) A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 499 N.E.2d 1319.) Moreover, all well-pleaded facts must be taken as true for purposes of judging the sufficiency of the complaint. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 499 N.E.2d 1319.

The elements of a negligence cause of action are a duty to exercise care, a breach of that duty, an injury proximately resulting from the breach, and damages. (*McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732, 450 N.E.2d 5.) Whether a duty exists is a question of law and depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.) In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365; *Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 582 N.E.2d 108.) In terms of foreseeability, the court will consider whether the risk of harm was *reasonably foreseeable*. *Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 582 N.E.2d 108.

■ Illinois courts have repeatedly held that common law negligence liability does not exist where a social host has provided liquor to a minor guest. (See *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 447 N.E.2d 561 (social host not liable when minor guest became intoxicated, drove car, and injured third party in vehicle collision); *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 572 N.E.2d 367 (social host who provided alcohol to minor not liable for minor's death from acute alcohol intoxication); *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 478 N.E.2d 534 (social host who provided alcohol to minor not liable when intoxicated minor slipped on rug and injured himself).) With the exception of *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, 586 N.E.2d 367, the appellate court has concluded that any change in Illinois law should be undertaken by the legislature. (See, e.g., *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 572 N.E.2d 367; *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 478 N.E.2d 534.) In carving an exception to the common law rule, the

*Cravens* court carefully limited its holding to apply only where: (1) a social host has knowingly served alcohol and permitted the liquor to be served to youths under 18 years of age at the social host's residence; (2) the social host permits the minors' consumption to continue to the point of intoxication; and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle.

In *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193, the court was faced with the issue of whether a duty existed under circumstances similar to the case at bar. There, the plaintiff was a pledge of the defendant fraternity and was required to participate in the defendant's initiation ceremony in order to become a member of the fraternity. At the time, the 18-year-old plaintiff was an inexperienced drinker. As part of the ceremony, the plaintiff was directed to drink a 40-ounce pitcher of beer without letting it leave his lips or until he vomited. Later, the plaintiff was brought to a tavern and directed to drink from an eight-ounce bottle of whiskey. Members of the fraternity then purchased more liquor for the pledges. As a result, the plaintiff became extremely intoxicated and suffered neurological damage.

In holding that the defendant fraternity owed a duty to the plaintiff, the *Quinn* court noted that it was drawing perilously close to the extensive case law prohibiting common law causes of action for negligently distributing alcohol. Nevertheless, the court concluded that the factual scenario before it was distinguishable from the social host-guest relationship cases. In reaching that determination, the court found it significant that the plaintiff was required to drink to intoxication in order to become a member of the fraternity. In narrowly construing the duty, the court held that a cause of action existed based on two factors. First, the plaintiff was required to drink. Therefore, the case was distinguishable from the social host-guest situation. Second, the legislature enacted a statute against hazing, indicating a social policy against embarrassing or endangering our youth through thoughtless or meaningless activity.

In the instant case, the plaintiff alleged that Club membership was a much valued status, that drinking was a *de facto* requirement for membership in the Club, and that the decedent was "pressured" to drink.

Under the circumstances, we find that the present case is similar to *Quinn* and that the defendants owed the plaintiff's decedent a duty to act reasonably to protect him. Recognizing a cause of action in such a situation is consistent with the policy against embarrassing or endangering our youth through thoughtless or meaningless

activity. Here, it was reasonably foreseeable and likely that injury could result from consuming such large amounts of alcohol as part of an initiation ceremony of a school club held in high esteem.

The defendants argue that plaintiff failed to allege that the decedent was required to drink and that *Quinn* did not recognize a cause of action for every 18-year-old who feels pressured to drink. In support of their position, the defendants rely on *Goodknight v. Piraino* (1990), 197 Ill. App. 3d 319, 554 N.E.2d 1.

In *Goodknight*, the 18-year-old plaintiff attended a Valentine's Day party promoted by a municipality and held in one of its buildings. At the party, liquor was sold and the plaintiff was coerced into drinking by her male companion. The plaintiff argued that the dictatorial and coercive behavior of those who surrounded her, combined with the municipality's presence and promotion of drinking, imposed a "requirement" she consume the liquor, just as the fraternity required the plaintiff to drink in *Quinn*. The *Goodknight* court rejected the argument, noting that in *Quinn* the cause of action was based on two factors: (1) the plaintiff was required to drink; and (2) the legislature enacted a statute against hazing.

We find that the defendants' reliance on *Goodknight* is misplaced. While we agree that *Quinn* did not recognize a cause of action for every 18-year-old who feels pressured to drink, we note that *Goodknight* did not involve the hazing statute or an allegation that drinking excessive amounts of alcohol was a *de facto* requirement for membership in a school-related club. We find that the instant plaintiff's allegation of a *de facto* requirement for drinking was sufficient to satisfy the *Quinn* standard. We perceive little difference between a formal requirement for drinking and a *de facto* requirement that had come into existence through years of tradition. If both the candidate for initiation and the persons performing the initiation believe that drinking is required, it makes little difference whether that requirement is formal or *de facto*.

The complaint alleged that membership in the Club was a much valued status. If such great pressure was applied to the plaintiff to comply with the Club's *de facto* membership "qualifications," he may have been blinded to the dangers he was facing. In other words, his will to drink or not drink may have been overcome by the requirement to achieve the much valued status and by the pressure that he was receiving. Whether drinking was actually a *de facto* requirement for membership, whether the plaintiff actually consumed excessive amounts of alcohol because of a *de facto* requirement and because of the intense pressure that he was under, and whether his will to make

a conscious decision about the amount of alcohol he consumed was actually overborne are questions for the trier of fact to resolve. As the *Quinn* court noted, "[t]o the extent that plaintiff acted willingly, liability can be transferred to him under principles of comparative negligence." *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 237, 507 N.E.2d 1193, 1197.

The case at bar is also distinguishable from our recent pronouncement in *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 572 N.E.2d 367, where we found that no duty existed. There, the defendant purchased liquor for the plaintiff's decedent, a minor. The two young men, along with four others, consumed the alcoholic beverages while driving about the City of Ottawa, Illinois. After drinking a large amount of whiskey, the decedent became intoxicated and unconscious in the back of the car, and later died of acute alcohol intoxication. *Estate of Ritchie* did not involve a *de facto* requirement for drinking or a violation of a statute against hazing.

The defendants argue that the Hazing Act is unconstitutional and therefore the plaintiff's reliance upon it is erroneous.

■ The defendants' argument must be rejected. The Illinois Supreme Court recently found that the Hazing Act was not unconstitutional. (*People v. Anderson* (1992), 148 Ill. 2d 15.) Furthermore, the *Anderson* court cited the *Quinn* decision with approval.

The defendants further argue that the *Quinn* standard only applies to fraternities and sororities and not to the individual members. They contend that it was incumbent upon the plaintiff to sue the Lacrosse Club and not the individual members.

We find that the defendants' argument is meritless. The issue was not raised in *Quinn*, and we find nothing in that decision necessarily limiting its holding to organizations. Clearly, the Hazing Act does not differentiate between individual members of an organization and the organization itself. Likewise, an individual is liable for his or her tortious conduct even if the organization is also liable on a *respondeat superior* theory.

■ Therefore, we hold that the trial court erred in dismissing plaintiff's cause of action because we find that it is sufficient to state a cause of action under the *Quinn* case if it is alleged that there was a *de facto* requirement to consume alcohol for membership in an organization and that there was a violation of the Hazing Act.

The plaintiff next argues that the trial court erroneously dismissed the count of his complaint alleging that Kolovitz voluntarily assumed a duty to care for the decedent.

■ We agree. It was alleged that the defendants owed a duty to the decedent to act reasonably for his protection. It was further alleged that defendant Kolovitz allowed the decedent to be placed on his floor unconscious. He then checked on him during the night and heard him gurgling. For the purposes of a motion to dismiss, all well-pleaded facts must be accepted as true. The trier of fact could conclude that: (1) Kolovitz placed the decedent in peril through participation in illegal hazing; (2) he allowed him to be placed on the floor of his dormitory room; (3) he assumed a duty to care for the decedent by checking on him during the night; and (4) he did not act reasonably to prevent harm to the decedent after allowing him to be placed on the floor of his room unconscious and after hearing gurgling sounds when checking on him.

■ Because we have found herein that the cause of action pleaded adequately states a cause of action under the *Quinn* case, it is unnecessary for us to rule on plaintiff's argument that he can state a *prima facie* cause of action by alleging either a violation of the Hazing Act or the Liquor Control Act. Regarding the Hazing Act alone, we are unable to rule based on the pleadings presented whether or not a violation of that act alone would give rise to a cause of action. Regarding the Dramshop Act violation, we note that it is well settled that in adopting the Dramshop Act, the legislature preempted the field of liability relating to alcohol. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 447 N.E.2d 561.) Turning to the alleged violation of university regulations, we note that a legal duty is not normally established through rules and regulations of a university. *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193.

For the reasons stated, we reverse the decision of the circuit court of McDonough County which dismissed the plaintiff's complaint. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.