ROBERT CHARLES, Adm'r of the Estate of Lynn Sue Charles, Deceased, Plaintiff-Appellant, v. ALAN SEIGFRIED, Defendant-Appellee.
Third District No. 3—92—0869

Opinion filed November 19, 1993.

Stephen B. Morris, of Hamilton, for appellant.

Michael T. Reagan and Michael C. Jansz, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Robert Charles, administrator of the estate of his daughter, Lynn Sue Charles, brought a wrongful death action against defendant Alan Seigfried. The circuit court of Hancock County granted defendant's motion to dismiss the complaint, as amended, for failure to state a cause of action. Plaintiff appeals. We reverse and remand.

According to plaintiff's second amended complaint, defendant, an adult, hosted a party at his home in rural Hancock County on the evening of February 15 and early morning hours of February 16, 1991. Lynn Sue Charles, a 16-year-old minor, attended along with numerous other persons under the legal age for consuming alcohol. Defendant provided alcoholic beverages to decedent and others and encouraged them to drink. Defendant knew that decedent arrived by driving her

own automobile, and during the party defendant had personal contact with decedent so as to know of her condition. Decedent consumed alcohol to the point of extreme intoxication. The complaint alleged that "defendant knew or should have known that allowing the plaintiff's intestate to drink to the point of intoxication and leave in her automobile would expose her to an unreasonable risk of harm," and that he allowed her to leave in her automobile. Defendant's acts and omissions were alleged to be the direct and proximate cause of decedent's death.

Count I of the complaint is based upon a theory of premises liability, while count II alleges plaintiff's negligence in violation of a social host's statutory duties under section 6—16(c) of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1991, ch. 43, par. 131(c)). Section 6—16(c) provides:

> "(c) Any person shall be guilty of a petty offense where he or she knowingly permits a gathering at a residence which he or she occupies of two or more persons where any one or more of the persons is under 18 years of age and the following factors also apply:
>
> (1) the person occupying the residence knows that any such person under 18 is in possession of or is consuming any alcoholic beverage; and
>
> (2) the possession or consumption of the alcohol by the person under 18 is not otherwise permitted by this Act; and
>
> (3) the person occupying the residence knows that the person under the age of 18 leaves the residence in an intoxicated condition."

The trial court dismissed the complaint with prejudice after ruling that the decisions of the Appellate Court, Third District, do not recognize social host liability where minor guests have become intoxicated and injure themselves or others.

When considering a motion to dismiss, the court must take as true the allegations of fact in the complaint, and in determining the propriety of a dismissal, the reviewing court is concerned only with the questions of law presented by the pleadings. (*Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 497, 424 N.E.2d 710, 711.) The question of law presented here is whether an exception to the general rule against social host liability should be recognized in accord with *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, 586 N.E.2d 367, a decision of the Appellate Court, First District.

The court has had numerous occasions to consider the question of social host liability for damages resulting from intoxication. In

*Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801, 802, we summarized the law as follows:

> "Noncommercial suppliers of liquor are not liable under the Dramshop Act (see Ill. Rev. Stat. 1977, ch. 43, par. 94, *et seq.*), and Illinois courts have consistently refused to enlarge the scope of the Act to impose statutory liability upon anyone not engaged in the liquor business. (*Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1051, 334 N.E.2d 205; Annot., 8 A.L.R.3d 1412 (1966).) Furthermore, Illinois has never recognized a common law remedy against the supplier of liquor; the only remedy is that provided by the legislature in the Dramshop Act. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153."

In a case where a minor was given intoxicating liquor in the defendant's home and injured the plaintiff while driving a motor vehicle in an intoxicated condition, this court adhered to previous decisions denying social host liability and observed that any extension of liability for damages arising from intoxication should come from the legislature, not the courts. *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 654, 447 N.E.2d 561, 564.

We again denied social host liability where a minor guest died of acute alcohol intoxication in *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 848-49, 572 N.E.2d 367. There we observed, "The reason Illinois courts have adhered to this policy of nonliability for social hosts is that the proximate cause of the intoxication is the act of drinking, not the supplying of alcohol." We also stated:

> "We agree with the plaintiff that the increasing loss of life and property due to intoxicated persons may well warrant a reexamination of the liabilities and immunities embodied in our laws. However, the determination to expand Illinois liability to include social hosts who supply liquor to their guests requires an analysis of competing interests and factors more appropriate for the legislature." *Estate of Ritchie*, 213 Ill. App. 3d at 850, 572 N.E.2d at 369-70.

However, not long after the *Estate of Ritchie* decision, this court did recognize a common law cause of action in a case where excessive consumption of alcoholic beverages was required of initiates to a college club and as a result a student died of alcohol intoxication. In *Haben v. Anderson* (1992), 232 Ill. App. 3d 260, 597 N.E.2d 681, we held that the two essential elements of the cause of action were that (1) the student was *required* to drink to obtain a desired membership in the club and (2) that the legislature had enacted a statute against haz-

ing, thus indicating a social policy against embarrassing or endangering young people through thoughtless or meaningless activity. Those social host-guest cases where the minor guest voluntarily drank to the point of intoxication were distinguished, and we noted that, under principles of comparative negligence, liability can be transferred to the plaintiff in a hazing case to the extent plaintiff acted willingly.

In another hazing case, decided before *Haben*, the Appellate Court, Fourth District, ruled that a complaint stated a cause of action where a fraternity pledge suffered neurological injury as the result of an evening of required drinking. (*Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193.) There the court reviewed the purpose and intent of the Hazing Act, a statute making the practice of hazing a Class B misdemeanor (Ill. Rev. Stat. 1991, ch. 144, par. 221), and analyzed those cases holding that the violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence. See *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 9, 373 N.E.2d 1326, 1330; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93; *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881.

Thus, in both *Haben* and *Quinn*, the appellate court has recognized an exception to the former rule which immunized social hosts from liability for injuries resulting from the intoxication of a guest.

In the groundbreaking case of *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, 586 N.E.2d 367, the Appellate Court, First District, ruled that the plaintiff did have a cause of action for the wrongful death of her minor daughter against the defendants who served alcohol at a party in their home to plaintiff's daughter and her friend, both of whom were under the age of 16. Plaintiff's daughter died as a result of injuries sustained in an automobile accident while riding as a passenger in the car allegedly driven recklessly by her intoxicated friend.

In a well-reasoned and scholarly opinion, Justice McMorrow, speaking for the court, examined the history of social host immunity in Illinois, analyzed the economic and social pressures flowing from changing needs of our society, and summarized judicial and legislative action in 24 other States that recognize social host liability where a minor becomes intoxicated. The court stated:

> "Although we are firmly dedicated to the notion that the legislature and the court should exercise a shared responsibility to cooperatively develop the common law in response to the changing needs of our society, we believe that the injustice of

the present jurisprudence places upon this court the imperative duty to rectify that injustice through reevaluation of our current legal precedent." *Cravens*, 223 Ill. App. 3d at 1073, 586 N.E.2d at 418.

We find the holding of *Cravens v. Inman* to be persuasive. We do not undertake lightly the overturning of longstanding precedent. However, we cannot ignore the increasingly serious problems arising from minors having ready access to intoxicating liquor and the human tragedies associated with alcohol-related accidents. (See *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 360-61, 529 N.E.2d 1169, 1172-73 (Knecht, J., dissenting).) Furthermore, we are cognizant of the historical development of the common law by judicial decisions. In the landmark decision abolishing contributory negligence and recognizing comparative negligence, the Illinois Supreme Court said:

"We believe that the proper relationship between the legislature and the court is one of cooperation and assistance in examining and changing the common law to conform with the ever-changing demands of the community. There are, however, times when there exists a mutual state of inaction in which the court awaits action by the legislature and the legislature awaits guidance from the court. Such a stalemate is a manifest injustice to the public. When such a stalemate exists and the legislature has, for whatever reason, failed to act to remedy a gap in the common law that results in injustice, it is the imperative duty of the court to repair that injustice and reform the law to be responsive to the demands of society." (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 23-24, 421 N.E.2d 886, 896.)

We conclude that the "imperative duty" of this court in this case is to recognize social host liability under the facts alleged in plaintiff's complaint.

Several arguments have been offered in support of the application of precedent in this case. One traditional argument against social host liability is that intoxicated persons are responsible for the injuries that follow from their intoxication since it is the drinking of liquor that causes intoxication, not the serving of it. This theory, cited as the "able-bodied man" doctrine, essentially states that adults should take responsibility for their own alcohol consumption. (*Cruse v. Aden* (1889), 127 Ill. 231, 20 N.E. 73; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 111, 440 N.E.2d 279, 281. See also Bradley, *Social Host Liability in Illinois: An Exception for Minors?*, 81 Ill. B.J. 362 (1993).) However, a minor can hardly be placed in the same category as an able-bodied adult. Inexperience, peer pressure, and physical and psy-

chological differences aggregate to distinguish the situation of a minor from that of an adult when alcoholic beverages are offered.

When the legislature deemed social hosts who served minors with alcohol guilty of a petty offense in section 6—16 of the Liquor Control Act, it recognized that the adult who provides intoxicating liquor might well be responsible for the intoxication since an underage person lacks the experience and judgment to appreciate the risk of becoming intoxicated. *Cravens*, 223 Ill. App. 3d at 1074-75, 586 N.E.2d at 419.

Another reason often advanced in favor of *stare decisis* is that a decision recognizing social host liability by one district of the appellate court will result in confusion and chaos throughout the State as different rules apply in different districts. (*Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 357-58, 529 N.E.2d 1169, 1170.) That contention loses its persuasiveness now that the appellate court is already divided. Two cases decided since *Cravens* have implicitly or explicitly recognized *Cravens* as the law of this State concerning social host liability. *Robertson v. Okraj* (1993), 250 Ill. App. 3d 848; *First of America Trust Co. v. McMurray* (1993), 250 Ill. App. 3d 876.

It is also argued that it is unfair for a social host to face unlimited liability while the liability of a commercial dramshop is strictly limited by statute, and the plaintiff's decedent, as the driver, would have no cause of action under the Dramshop Act. However, any apparent unfairness to the social host is mitigated by the fact that the dramshop's liability arises from the act of selling liquor without regard to fault (*Stevens v. Lou's Lemon Tree, Ltd.* (1989), 187 Ill. App. 3d 458, 464, 543 N.E.2d 293, 297), while the social host's liability must be established by proof of negligence and will be subject to possible setoffs under the doctrine of comparative negligence.

The *Cravens* court carefully explained the limits of its decision:

> "We emphasize that our holding is limited to the facts alleged in plaintiff's pleading, *i.e.*, where (1) a social host has knowingly served alcohol, and permits the liquor to be served, to youths under 18 years of age at the social host's residence, (2) the social host permits the minors' consumption to continue to the point of intoxication, and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle." *Cravens*, 223 Ill. App. 3d at 1076, 586 N.E.2d at 420.

In both *Cravens* and section 6—16(c) of the Liquor Control Act, an age limit is specified as under the age of 18 years. Thus, both the judiciary and the legislature have recognized that such minors are not

deemed capable of appreciating the risk of alcohol consumption and should be afforded special protection under the law.

We find *Cravens* to be compelling. Accordingly, we adopt the rule set forth in *Cravens* and hold that the complaint filed herein sets forth a cause of action against defendant in both counts I and II. We, therefore, reverse the dismissal order of the circuit court and remand for further proceedings.

Reversed and remanded.

McCUSKEY, P.J., and BRESLIN, J., concur.