OPINION OF THE COURT
Walter J. Relihan, Jr., J.
The plaintiff is the father and administrator of the estate of his deceased son, who died as the result of alcohol poisoning suffered in the course of a night of hazing conducted at the defendant fraternity. Various officers and members of the fraternity are also defendants.
A number of defendants move to dismiss the 4th and 9th causes of action. The former alleges that defendants negligently and recklessly caused the decedent’s intoxication and, knowing of his condition, continued to provide alcohol to him and, finally, knowing his life was in danger by reason of intoxication, failed to provide medical assistance to him. The latter alleges a private right of action based on section 120.16 of the Penal Law which punishes hazing as a class A misdemeanor.
It is not disputed that decedent was invited to become a pledge at the outset of the evening and accepted. It is alleged that, upon such acceptance, a further ritual was conducted and that participation was a condition of his admission to the fraternity as a brother. In the second stage, the pledges were assembled together and cajoled or commanded to drink from bottles of liquor which were passed from hand to hand. The members who officiated, it is claimed, directed a steady barrage of instructions at the pledges, requiring them to quaff the contents of their glasses at an accelerated rate. A number of garbage cans were arranged in their immediate vicinity to catch and contain the inevitable regurgitations induced by these proceedings. The decedent, it is alleged, threw up repeatedly, became unconscious, and was left unattended in that condition. We assume the truth of these allegations for motion purposes.
The defendants contend that New York does not recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication. We do not doubt that defendants have stated the rule correctly. Sheehy v Big Flats Community Day (73 NY2d 629) is the leading case. There, the underage plaintiff had been served alcohol, arguably with the aid of a falsified driver’s license. She had been expelled from a beer tent, being operated by the American Legion, when she was recognized by *968 someone who knew her age. Later, she was struck by a car as she crossed a highway, while intoxicated, between the Legion tent and a nearby tavern where she also had sought and obtained alcohol. The Court held that a violation of section 260.20 (4) of the Penal Law (then penalizing the sale or provision of alcohol to a child under 19) does not imply the existence of a private civil remedy against the provider on behalf of the voluntary intoxicant.
The Court applied the three-part test enunciated in Burns Jackson Miller Summit & Spitzer v Lindner (59 NY2d 314), holding that plaintiff passed two of these tests but failed the third. That is, the Court agreed that she was a member of the class intended to be protected by the Penal Law and that her private claim would promote the legislative purpose of the Penal Law. However, the Court concluded that to recognize her claim would not be consistent with the larger scheme envisioned by the Legislature when enacting the statute.
That scheme, the Court found, included (1) a deterrent aimed at those who provided alcohol to "children” under 19, and (2) compensation for those injured by the misconduct of youthful intoxicants, but (3) did not intend to reward those who, often by misrepresenting their ages and identities, obtain and abuse alcohol and suffer the consequences of their own folly. The opinion reiterated that: "the courts of this State have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication” (Sheehy v Big Flats Community Day, supra, at 636; emphasis supplied).
The legislative scheme, which led to the enactment of the hazing statute, is based upon considerations which are vastly different from those which concerned the Court in Sheehy (supra). Hazing, the Legislature recognized, assumes a degree of willingness by college youths to be bullied and humiliated in exchange for the social acceptance which comes with membership in a circle which, to the puerile, may seem alluring and even exalted. Plainly, the Legislature sought to reform a hazing tradition which, too often, has led to tragedy (see, Nuwer and Hank, Broken Pledges [Long Street Press 1990]). In this context, as in Sheehy, the first two prongs of the Lindner triarchy would be satisfied by recognizing the common-law claims of those injured by such excesses. Again, as in Sheehy, the last prong (i.e., the consistency of the remedy with the public purpose which motivated the statute) poses the most important and exacting test.
*969 The Sheehy ruling, to be blunt, reflects an unspoken moral revulsion against rewarding youthful drunks for their own recklessness and self-indulgence. No such revulsion seems justified in relation to the injuries and deaths sustained by adolescents who, however unwisely, trade their insecurities and free will for the promise of acceptance, and prestige, that fraternity membership appears to confer. A jury might find that the stoic acceptance of pain and discomfort by a pledge, as the price of admission to the fraternal mysteries, is not truly voluntary. In any event, we cannot conclude, as a matter of law, that the policy considerations which precluded a civil action in favor of the plaintiff in Sheehy (supra) are operative here.
No governing New York cases have been submitted to us. However, Haben v Anderson (232 Ill App 3d 260, 597 NE2d 655) and Quinn v Sigma Rho Ch. of Beta Theta Pi Fraternity (155 Ill App 3d 231, 507 NE2d 1193) are instructive. On facts similar to ours, both Illinois courts found a common-law right of action, under traditional tort concepts (i.e., duty, wrongful act, proximate cause and injury), where the underage drinker had been coerced and bullied into a state of intoxication as a condition of admittance to a college fraternity. Both courts recognized the enormous peer pressures operating upon young men, beyond childhood but not yet adults, who find themselves in the throes of male bonding. We concur in that assessment and adopt the view of the Anderson court that the coercive effect of the initiation ritual, and related issues of culpable conduct, "are questions for the trier of fact to resolve” (232 Ill App 3d, at 267, 597 NE2d, at 659).
Nothing in Sheehy (supra) is inconsistent with the result we reach on this threshold motion for dismissal. If the evidence at trial establishes that the drinking of intoxicants by the decedent was voluntary, and not a de facto requirement imposed upon him as a condition of admission to the brotherhood, the Sheehy rule would preclude any common-law right of recovery for conscious pain and suffering by the decedent. In that event, only the estate could recover for any resulting economic loss, within the parameters drawn by section 11-100 of the General Obligations Law. If, on the other hand, the evidence shows that the drinking was imposed upon the pledges, and that their obedience was extracted as an express or implied condition of membership, the Sheehy rule would not preclude a survival action for conscious pain and suffering. The jury, of course, would be free to consider the decedent’s own culpable conduct.
*970 The plaintiff, we hold, has asserted a valid survival cause of action for pain and suffering arising out of the alleged negligent conduct of defendants. While the plaintiff has asserted this claim under two different rubrics in the complaint, we see no practical need to differentiate the two when both allege the same wrong which would merit the same relief.
The defendants’ motions are denied without prejudice.